UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMAR LEVEAL THOMAS,<br><br>                    Petitioner,<br><br>    v.<br><br>WARDEN,<br><br>                    Respondent. | Case No. CV 13-4199-DDP (JEM)<br><br>ORDER SUMMARILY DISMISSING HABEAS ACTION WITHOUT PREJUDICE |

      On June 12, 2013, Jamar Leveal Thomas ("Petitioner"), a prisoner in state custody proceeding pro se, filed an untitled document seeking an extension of time to file a habeas petition in this Court. The Court shall construe Petitioner's document as a motion for extension of time to file a habeas corpus petition ("Motion"). For the reasons set forth below, the Motion is denied and this matter is dismissed without prejudice.[1]

**DISCUSSION**

      "'The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy,' and 'a federal court [lacks] the power to render advisory opinions.'" U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 446 (1993) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v.

---

[1] The reference to the Magistrate Judge is hereby vacated.

Cohen, 392 U.S. 83, 94 (1968) ("The jurisdiction of federal courts is defined and limited by Article III of the Constitution. . . . [T]he judicial power of federal courts is constitutionally restricted to 'cases' and 'controversies.'").

Petitioner has not filed a federal habeas petition challenging the fact or duration of his confinement. There are no adverse parties and no concrete dispute for the Court to adjudicate. Petitioner essentially seeks an advisory opinion regarding the potential timeliness of any federal habeas petition that he might file in the future, which the Court lacks the authority to issue. See Calderon v. Ashmus, 523 U.S. 740, 746–748 (1998) (no justiciable question where petitioners seek advance ruling on statute of limitations defense; actual "controversy" in 28 U.S.C. § 2254 action is whether petitioner is entitled to have his state-imposed conviction or sentence set aside).

If Petitioner files a federal habeas petition in the future, and if the respondent challenges the timeliness of that petition, Petitioner may choose to seek equitable tolling of the limitations period. The one-year statute of limitations set forth in 28 U.S.C. § 2244(d)(1) is subject to equitable tolling if a petitioner can demonstrate that "extraordinary circumstances" beyond his control made it impossible to timely file his petition. See Holland v. Florida, — U.S. —, 130 S. Ct. 2549, 2562 (2010). However, the Court cannot determine whether Petitioner would be entitled to equitable tolling at this stage of the proceedings.

## ORDER

IT IS HEREBY ORDERED that this action be DISMISSED without prejudice.

IT IS SO ORDERED.

DATED: 7/12/13

DEAN D. PREGERSON
UNITED STATES DISTRICT JUDGE

Presented by:

/s/ John E. McDermott
John E. McDermott
United States Magistrate Judge